UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

MICHAEL EDWARD WHEATLEY    PLAINTIFF

v.    CIVIL ACTION NO. 5:18-CV-P117-TBR

RODGER FORD, JAILER *et al.*    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Michael Edward Wheatley, currently a convicted prisoner incarcerated in the Fulton County Detention Center, filed a *pro se* complaint (DN 1) and amended complaint (DN 9). Thereafter, he filed a letter (DN 14), which the Court construes as a motion to amend the complaint and **GRANTS**. This matter is before the Court on initial review of the pleadings pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff filed this civil-rights action pursuant to 42 U.S.C. § 1983, complaining of an incident that occurred during his pretrial detention at the Marshall County Jail (MCJ). As Defendants, Plaintiff names MCJ Jailer Rodger Ford; "Deputy Chief Jailer," who is "2nd in command"; "Medical Department"; and "Maintenance Department." He sues Defendants in their official capacities.

Plaintiff alleges that on July 30, 2017,[1] he was working in the kitchen at MCJ when "I was help cleaning up a mess that one of the cooks had made with a Big Mixer" (DN 1, Compl.). He continues:

> while I was bending over one of the other inmates push on the machine try to get it to move out from the walk to get behind it so he could clean, when the

---

[1] In the letter that the Court construed as a motion to amend (DN 14), Plaintiff advises that the date of the incident actually occurred on July 30, 2017, not July 31, as he stated in the complaint and amended complaint.

> whole machine fell off the stand that it was on. it was not bolted down or welded. it just fell off. to stop it from crushing me I tried to push it away from me. the knob on the side [] cought ahold of my jumpsuit where it fell on down taking my arm and hand with it. the side of bowl chopped off a portion of my finger on my left hand.

*Id.* Plaintiff claims that the "machine weights about as much as a small motor and shouldn't have been on that table unless it was bolted or welded to the stand. and it wasn't. [MCJ] created a unsafe work atmosphere." *Id.* He further claims that "maintenace knew it didn't work right" (DN 9, Am. Compl.).

Following the incident, asserts Plaintiff, he was taken to the Marshall County hospital by Defendant Deputy Chief Jailer. *Id.* He states that at the hospital, he was told that his finger could not be reattached and that surgery was scheduled for four days thereafter "to close up" his finger. *Id.* Plaintiff reports being given medication at the hospital and that upon return to the jail, Defendant Deputy Chief Jailer told him "that I was going to be put in segregation because the medication I had to take was a narcotic." *Id.* Plaintiff claims as follows:

> At pill call the next morning the officer said they couldn't find my medication that the hospital sent with me back to the jail I ask to see Medical and the lady from Medical and the Jailer came to talk to me and said my medication was missing and the Jailer said he'll look into it. I layed in segregation for 3 days in exstream pain medical gave me "Iburprofen" and finally let me out of segregation because they couldn't find out where my medication was or who took it. I layed in segregation in pain for 3 days because my medication was taken by one of the jail staff and the Jailer Mr. Ford knew about it and knew I was in pain but didn't try and help or even look into what happen to my medication. I shouldn't had to suffer like that.

*Id.*

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, while Plaintiff filed his complaint and amended complaint on § 1983 forms, he does not allege the violation of a right secured by the laws of the Constitution. Even if the Court were to construe the complaint as asserting Eighth/Fourteenth Amendment claims of deliberate indifference to safety and to a serious medical need, the Court, for the reasons that follow, concludes that, even under liberal construction, Plaintiff's allegations do not rise to a constitutional magnitude but sound more in state tort law.

While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth

4

Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need). Therefore, the Court will analyze Plaintiff's claims under the Eighth Amendment standard.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

An inmate must prove both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. at 833. With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference"

5

to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

As to the claim that Defendants created an "unsafe work atmosphere," Plaintiff fails to allege facts rising to the level of deliberate indifference. Plaintiff's allegation that maintenance "knew it didn't work right" does not translate into an inference that a substantial risk of serious harm existed. There are no allegations even suggesting that any Defendant knew of and disregarded the risk that actually caused his accident. Plaintiff alleges that the mixer fell because other inmates pushed on the machine to "try to get it to move out from the walk to get behind it so he could clean." He does not allege that inmates had done this to the machine before, much less that anyone knew that inmates were moving the machine themselves and should have been otherwise instructed accordingly. While Plaintiff suffered an unfortunate accident while working in the kitchen, his allegations do not constitute deliberate indifference to safety. *See Johnson v. Campbell*, 25 F. App'x 287, 288 (6th Cir. 2001) ("[Prisoner] did not, however, allege that the defendants knew of and disregarded the risk that actually caused his accident. At most, the defendants were negligent for allowing [prisoner] to work in conditions in which his accident was possible. [Prisoner] cannot base an Eighth Amendment claim on mere negligence."); *Robertson v. Shelby Cty., Tenn.*, No. 05-2579 P, 2007 WL 9706140, at *5 (W.D. Tenn. July 13, 2007) ("'[C]ourts have recognized that the mere failure to provide proper instructions or safety devices for use on prison work details does not constitute deliberate indifference.'") (quoting *Smalls v. Berrios*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007) (holding that plaintiff's allegations that defendant's failure to provide instructions or safety training on

6

work equipment did not rise to the level of deliberate indifference and, at most, suggested negligence).[2] Accordingly, the § 1983 claim of an unsafe work atmosphere must be dismissed for failure to state a claim upon which relief may be granted.

In the context of a § 1983 claim for inadequate medical care, prison personnel violate a prisoner's civil rights if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). However, not every claim of inadequate medical treatment states an Eighth Amendment violation. *Id.* at 105. The indifference must be

---

[2] *See also Robertson v. Shelby Cty., Tenn.*, 2007 WL 9706140, at *5 (citing *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 735-36 (10th Cir. 2005) (holding that even assuming that the risk to the prisoner of a back injury from improperly lifting heavy objects as part of his prison job was objectively serious, prison officials' alleged negligent failure to ensure that inmates were informed of and used proper lifting techniques did not rise to the level of an Eighth Amendment violation); *Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir. 1996) (holding that lack of safety training equipment, including no steel-toed boots and no safety straps on moving dollies in warehouse, as well as allegations of a pattern of injuries, showed at most negligence for not taking better safety precautions); *Warren v. Missouri*, 995 F.2d 130, 131 (8th Cir. 1993) (holding that prison officials' failure to provide "anti-kickback" protective equipment on saw that caused inmate to break his wrist, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not demonstrate deliberate indifference to a serious issue of workplace safety); *Bibbs v. Armontrout*, 943 F.2d 26, 26-27 (8th Cir. 1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed which caused prisoner to lose two fingers, and their failure to repair it, amounted to mere negligence); *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985) (holding that prison officials' failure to inspect and maintain cell beds and exercise equipment which, in two separate incidents, fell and allegedly injured inmate, were merely assertions that the officials did not exercise due care, not evidence of deliberate indifference), *overruled on other grounds by Henderson v. Wilcoxen,* 802 F.3d 930 (7th Cir. 2015)); *Brown v. Richmond Cty. Corr. Inst.*, No. CV105-118, 2006 WL 1431488, at *2 (S.D. Ga. 2006) (concluding that failure to provide a helmet in cutting tree limbs, an activity that "does not, in itself, involve an imminent threat of physical harm posing a danger to a prisoner's life or health," did not rise above the level of mere negligence); *Terrill v. Bertussi*, No. 2:05cv96, 2005 WL 3277990, at *2-3 (W.D. Mich. Dec. 2, 2005) (prisoner failed to state a claim under § 1983 where prisoner was ordered to work on scaffold despite his objections and fell 30 feet onto concrete floor); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113-14 (D.S.C. 1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference); *Lee v. Sikes*, 870 F. Supp. 1096, 1099-1100 (S.D. Ga. 1994) (concluding no deliberate indifference by prison officials and that plaintiff's allegations amounted to mere negligence, where prisoner who was attacked by hog while working on hog farm alleged that prison officials failed to provide him with "proper facilities, training, or protective equipment to work with the breeding hogs," and that officials assigned him to "work directly with the hogs which were known to have vicious tendencies")).

substantial; that is, it must be an offense to evolving standards of decency. *Id.* at 106. A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). Additionally, allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis or treatment of a prisoner fail to state a cause of action under § 1983. *Estelle*, 429 U.S. at 105-06. Simply stated, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

"We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, Plaintiff was taken to the hospital after his injury, where he received treatment and an appointment for surgery in four days. While Plaintiff was no doubt in pain for the three-day period he was without his prescription pain medication, he was provided with ibuprofen, and he fails to allege facts showing that any named Defendant acted with deliberate indifference to his pain.

For these reasons, the Court concludes that Plaintiff fails to state an Eighth/Fourteenth Amendment claim of deliberate indifference to his safety or to a serious medical need.

Having determined that the federal § 1983 claims over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over any state-law negligence claims Plaintiff may be trying to assert. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Consequently, the state-law claims will be dismissed without prejudice.[3]

The Court, therefore, will dismiss this action by separate Order.

Date: July 9, 2019

*Thomas B. Russell* [signature]

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4413.005

---

[3] "[S]ome claims asserted under § 1367(a) will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be refiled in state court." *Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 459 (2003). "To prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied by state courts." *Id.* Specifically, under § 1367(d),

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).